FILED
Dec 09, 2024
08:24 AM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Myron Anderson | ) Docket No. 2024-80-1427 |
| | ) |
| v. | ) State File No. 10010-2024 |
| | ) |
| 84 Lumber Company, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Allen Phillips, Judge | ) |

---

### Affirmed and Remanded

---

This interlocutory appeal concerns a discovery dispute. After reporting a wrist injury at work and receiving some authorized care, the employee filed a petition seeking additional medical treatment and temporary disability benefits. Thereafter, the employer served written discovery requests on the employee, to which he responded in part. The employer then filed a motion to compel discovery responses, arguing that the employee's responses were deficient in certain ways. Following a status hearing during which this discovery dispute was discussed, the trial court entered an order granting, in part, the employer's motion to compel discovery, and the employee has appealed. Upon consideration of the record, we affirm the trial court's order and remand the case.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge Pele I. Godkin and Judge Meredith B. Weaver joined.

Myron Anderson, Somerville, Tennessee, employee-appellant, pro se

Kenneth D. Veit and Kate M. Patton, Brentwood, Tennessee, for the employer-appellee, 84 Lumber Company

**Memorandum Opinion**[1]

Myron Anderson ("Employee") worked for 84 Lumber Company ("Employer"). On February 6, 2024, Employee was helping load rebar onto a forklift when he stepped backward, tripped, and fell onto his outstretched left arm. As a result, he suffered an injury to his left wrist. According to Employee's petition, he was initially seen at an urgent care clinic, where he underwent x-rays, was diagnosed with a wrist sprain, and was given a brace. Employee asserted that although the medical provider restricted him from working, Employer refused to pay any temporary disability benefits. He further claimed that after being assigned temporary work restrictions, he attempted to return to work but was told by his supervisor that no "light duty" work was available and that he should stay home until his next medical appointment.

Employee was seen at Campbell Clinic Orthopedics on February 22, 2024. Following that visit, the medical provider diagnosed Employee with a left wrist sprain and restricted him to sedentary work only with no use of the left arm. Thereafter, in late March 2024, Employee was released to return to full duty work. On July 30, 2024, Dr. Austin Murphy completed a Form C-30A indicating that Employee was able to return to work with no restrictions as of May 14, 2024, and that he retained no permanent medical impairment associated with his work accident.

Meanwhile, in April 2024, Employer filed its own petition, asserting that Employee had failed to respond to Employer's written discovery requests and had refused to execute any releases allowing Employer to obtain Employee's medical and employment records. After receiving responses from Employee to the written discovery requests, Employer filed a motion to compel discovery in August 2024, asserting that Employee had failed to respond to certain discovery requests or that his responses were incomplete and/or unclear. Following a status hearing during which Employer's motion was discussed, the court entered an order granting the motion in part and instructing Employee to respond more completely to certain discovery requests and to sign the releases "without qualification." Employee has appealed that order.

In his notice of appeal, Employee argued that he responded to the requests seeking information about his employment history, and he signed and returned the releases authorizing Employer to obtain medical and employment records. He also sought to clarify his previous responses to certain interrogatories and asked that Employer's attorney be required to "provide a privilege log of all documents sent to him." In his

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Tenn. Comp. R. & Regs. 0800-02-22-.03(1) (2023).

brief, Employee argued that the questions listed on the interrogatories that were attached to Employer's motion to compel "are different" from the interrogatories originally served on him. He asserted that "[w]ords were left off or the questions did not ask the same question." He concluded his brief by asserting that Employer's counsel had "falsified information on the motion to compel" and had "withheld the original documents of the interrogatory questions that [do not] match the statements/question[s] on the motion to compel order."

In response, Employer asserted in its brief that the written responses Employee served in June 2024 were originally "deficient or void of a response." It also alleged that Employee had declined to sign the releases at that time. However, Employer acknowledged in its brief that Employee had answered the written discovery requests by October 8, 2024, and the only remaining unresolved issue is "two outstanding releases" that Employer claims remain unsigned as of the date its brief was filed.

Based on our review of the record, it appears Employee signed a release allowing Employer to obtain copies of medical records from his primary care provider, McKnight Clinic, but Employee limited Employer's authority to obtain such records to those dated from February 1, 2024 to April 30, 2024, presumably in an effort to prevent Employer from seeking medical records predating the work accident.

As we have stated previously, discovery rules are accorded broad and liberal treatment "for mutual knowledge of all relevant facts gathered by both parties." *Semich v. AT&T Services, Inc.*, No. 2021-06-0997, 2023 TN Wrk. Comp. App. Bd. LEXIS 28, at *7-8 (Tenn. Workers' Comp. App. Bd. June 8, 2023) (quoting *Johnson v. Nissan N. Am., Inc.*, 146 S.W.3d 600, 605 (Tenn. Ct. App. 2004)). Moreover, it is well settled that trial courts have discretion to control the pace of litigation through their supervision of cases and management of their docket. *See Smith v. The Newman Group, LLC*, No. 2015-08-0075, 2015 TN Wrk. Comp. App. Bd. LEXIS 30, at *9 (Tenn. Workers' Comp. App. Bd. Sept. 21, 2015). This discretion extends to addressing discovery disputes. *Johnson*, 146 S.W.3d at 604. "A trial court abuses its discretion when it causes an injustice by applying an incorrect legal standard, reaching an illogical decision, or by resolving the case on a clearly erroneous assessment of the evidence." *Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 335 (Tenn. 2010) (internal citation and quotation marks omitted).

Here, there has been no abuse of discretion. The trial court's order instructed Employee to fully respond to certain interrogatories, and, based on representations in Employer's brief, Employee has apparently complied with this part of the order. The court also ordered Employee to sign the remaining authorizations "without qualification." Employee has offered no argument regarding how the court abused its discretion with respect to that part of the order. Consequently, we affirm the trial court's order and remand the case. Costs on appeal are taxed to Employee.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Myron Anderson ) | Docket No.  2024-80-1427 |
| ) | |
| v. ) | State File No.  10010-2024 |
| ) | |
| 84 Lumber Company, et al. ) | |
| ) | |
| ) | |
| Appeal from the Court of Workers' ) | |
| Compensation Claims ) | |
| Allen Phillips, Judge ) | |

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 9th day of December, 2024.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Myron Anderson | | | | X | shuwanna.white@yahoo.com wannawhite483@gmail.com |
| Kenneth D. Veit | | | | X | kenny.veit@leitnerfirm.com teresa.maurer@leitnerfirm.com |
| Allen Phillips, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |



Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov